NO. 07-03-0506-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 16, 2003


______________________________



IN RE: BETTY ANN NEWBY
,




 Relator

_______________________________


 

Original Proceeding -- Memorandum Opinion


________________________________



Before QUINN, REAVIS, and CAMPBELL, JJ.

 Pending before the court is the petition of Betty Ann Newby for a writ of mandamus. 
She asks this court to set aside an order of the Hon. Lee Waters, 223rd District Court,
denying her motion to recuse the Hon. Jack Young, who was assigned to sit in the 84th
District Court. She also requests that we nullify Judge Young's orders denying her plea to
the jurisdiction of the court and granting the motion of Moser Investment to foreclose on
property of the estate of George Ralph Newby, Jr. We deny the petition.

 Each request of Newby is founded upon the contention that Judge Waters was
prohibited from deciding her motion to recuse Judge Young. According to Newby, he was
so prohibited because she objected to the assignment, by the regional administrative
judge, of Judge Waters to hear the motion. And, because Judge Waters was barred from
ruling on the motion, his order denying it as well as the orders issued by Judge Young
thereafter (i.e. those denying the plea to the jurisdiction of the court and allowing the
foreclosure) were purportedly void. We disagree.

 Newby acknowledges, in her petition, that Judge Waters is a duly elected, active
district court judge. Because he is, his assignment to hear the motion to recuse is not
subject to objection. Tex. Gov. Code Ann. §74.053(e) (Vernon Supp. 2004) (stating that
an "active judge assigned under this chapter is not subject to an objection"). Accordingly,
the foundation underlying each of her arguments is non-existent, and they must fail. (1)

 Accordingly, we deny the petition for writ of mandamus. (2) 


 Brian Quinn

 Justice


 















 
1. To the extent Newby suggests that Judge Waters was also subject to recusal because he was not
elected by the voters of Hutchinson County, Texas, we note that statute permits the assignment of active
judges to sit in districts other than those for which they were elected. Tex. Gov. Code Ann. §§74.052 (Vernon
1998) & 74.054 (Vernon Supp. 2004). So, this suggestion is also baseless.
2. Because we deny the petition for writ of mandamus, Newby's motions to recuse the Hon. John T.
Boyd, sitting by assignment in this court, and for leave to proceed in forma pauperis are denied as moot.



 same on or
before March 16, 2007.

 It is so ordered.

 Per Curiam

Do not publish.